OPINION OF THE COURT
Carl O. Callender, J.
In the instant proceeding one of the issues presented is may a private landlord in a section 8 subsidized program (see, 42 USC § 1437f) or with a section 8 tenant serve the New York City Housing Authority (NYCHA) in any manner it chooses when it is evident that the NYCHA has no objection to a holdover eviction proceeding against the tenant. The key point of reference is the case of Williams v New York City Hous. *571 Axah. (US Dist Ct, SD NY 1995, Ward, J., 81 Civ 1801). In that case a consent decree was issued by the Honorable Robert J. Ward. It required that in a good cause eviction proceeding, such as the instant personal family use case, the NYCHA must be served the petition and notice of petition as the State law requires, or by overnight mail. The order makes no other method of delivery available to the private landlord. The NYCHA is normally available and open to receive service of papers from 9:00 a.m. through 5:00 p.m. during weekdays. For reasons that are unclear to the court, the process server only mailed the papers to the NYCHA.
The attorney for the petitioner argues that regular mail delivery of the papers to NYCHA is reasonable and proper since the NYCHA had already indicated that it had no objection to the bringing of a holdover eviction proceeding against the respondent. The attorney for the respondent contends that the only legally appropriate methods of service or delivery are those contained within the confines of the Williams decree. A careful reading of the decree makes it clear that unless the method of service or delivery is permitted by the decree, it constitutes a basis for dismissal of the eviction proceeding. The Williams consent judgment itself states that “its provisions govern the New York City Housing Authority’s role in eviction proceedings brought by private landlords in the Section 8 program administered by the Authority against Section 8 tenants.” (See, Williams decree ¶ 1.) The order in the Williams class action includes as defendants: “all property owners or managers who do or will participate as landlords in the Section 8 existing Housing or Voucher program administered by the Authority.”
The order also states that “neither plaintiff nor defendant class members may ‘opt out’ of their respective classes.” (See, Williams v New York City Hous. Auth., supra, ¶¶ 1, 2.)
The answer to the question posed earlier regarding the choices a landlord has regarding service is clear. They must abide by the strictures of the Williams order or they must refrain from bringing eviction proceedings against their section 8 tenants. The order is manifest and unambiguous. Accordingly this court must dismiss the petition because the petitioners’ process server failed to comply with the requirements of the aforementioned Williams case (supra). While the merits of the personal use case may have been compelling and sympathetic, the court’s duty is to ensure that the law and its demands have been met before it touches the merits of the *572 case. In the instant case those standards have not been attained. Therefore the petitioners have a right to try again, making a special effort to know and accomplish the demands of the Williams case whose goal is to safeguard the rights of section 8 tenants.